UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| **KORY CHANGIZI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:05-CV-00270 |
| | ) | |
| **ITT INDUSTRIES a/k/a ITT** | ) | |
| **AEROSPACE/COMMUNICATIONS** | ) | |
| **DIVISION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER DENYING APPROVAL
## OF STIPULATED PROTECTIVE ORDER

Before the Court is a stipulation by the parties seeking approval of a proposed protective order. (Docket # 18.)  As the proposed order is overly broad, it will be DENIED.

Federal Rule of Civil Procedure 26(c)(7) allows the Court to enter a protective order only for good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999); *see generally Alexander Hous. LLC v. Int'l Bhd. of Elec. Workers*, No. 04 C 1650, 2004 WL 1718654, at *2 (N.D. Ill. July 29, 2004) ("[T]he public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding.").  Here, the protective order submitted by the parties falls short of establishing a basis for finding good cause.

Specifically, the definition of "Confidential" in the proposed order is overly broad because it creates the following category:

> "Strategic Business Documents" means Non-Public documents related to business prospects and projections, workloads, process improvement strategies, overhead, export compliance, and business plans.

(Proposed Stipulated Protective Order ¶ 5(B)).  It is less than apparent how documents pertaining to workloads, overhead, and export compliance fit into a category of strategic business documents that "could be used by competitors to disrupt or preempt Defendant's efforts to improve or increase its position in the marketplace." (*Id.*); *see Alexander Hous.*, 2004 WL 1718654, at *2 (parties must provide "specific examples of articulated reasoning, rather than stereotyped and conclusory statements to support [their] assertion of good cause").  Moreover, the proposed category of "Strategic Business Documents" is overly broad and vague because it is framed by the phrase "related to"; this phrase is a "fudge," resulting in a category that is not adequately fenced in. *See Cincinnati Insurance*, 178 F.3d at 945.

Under *Cincinnati Insurance*, a protective order must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Id.* at 946; *see also MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook, Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001); *Andrew Corp. v. Rossi,* 180 F.R.D. 338, 342 (N.D. Ill. 1998).  Here, the Court is not satisfied that the parties know what information constitutes protected material.[1] *See Cincinnati Insurance*, 178 F.3d at 946 (a judge must "satisf[y] himself that the parties know what a trade secret is and are acting in good faith in deciding which parts of the record are trade secrets").

"Obtaining a protective order in an appropriate case need not be a[n] onerous task.  But such an order may not issue absent an appropriate showing of good cause, as well as adherence

---

[1] Also, Section 7 of the proposed order incorporates the capitalized term "Trade Secret," a term which is never defined and is likely a scrivener's error.

to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *2 (S.D. Ind. March 28, 2003).

Of course, the parties may submit a revised protective order consistent with the requirements of Rule 26(c)(7) and Seventh Circuit case law, but what has been submitted thus far is inadequate.    For these reasons, the Court hereby DENIES approval of the proposed stipulated protective order submitted by the parties (Docket # 18).

SO ORDERED.

Enter for this 25th day of January, 2006.

                    S/ Roger B. Cosbey
                    Roger B. Cosbey,
                    United States Magistrate Judge