UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KORY CHANGIZI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CAUSE NO. 1:05-CV-00270 |
| | ) |
| ITT INDUSTRIES a/k/a ITT | ) |
| AEROSPACE/COMMUNICATIONS | ) |
| DIVISION, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER DENYING APPROVAL
OF REVISED STIPULATED PROTECTIVE ORDER**

Before the Court is a stipulation by the parties seeking approval of a revised proposed protective order. (Docket # 20.)  As the proposed order is still overly broad, it will be DENIED.

Federal Rule of Civil Procedure 26(c)(7) allows the Court to enter a protective order only for good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999); *see generally Alexander Hous. LLC v. Int'l Bhd. of Elec. Workers*, No. 04 C 1650, 2004 WL 1718654, at *2 (N.D. Ill. July 29, 2004) ("[T]he public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding.").  Furthermore, a protective order must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Cincinnati Insurance*, 178 F.3d at 946; *see also MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook, Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001); *Andrew Corp. v. Rossi,* 180 F.R.D. 338, 342 (N.D. Ill. 1998).

Specifically, the proposed order is overly broad because it incorporates key "fudge" words, resulting in an order that seeks to protect more material than may be necessary. *See Cincinnati Insurance*, 178 F.3d at 945.  First, the proposed order defines "Strategic Business Documents" as "Non-Public documents *containing* business prospects and projections . . . and business plans," (*see* Proposed Revised Stipulated Protective Order ¶ 5(C)) (emphasis added), rather than concisely limiting the category to, for example, "business prospects and projections . . . and business plans that *are* Non-Public."  Similarly, paragraph seven of the order states that "the Parties will *endeavor in good faith to* redact only portions of the materials that contain Trade Secret material or fall within the specific, demarcated categories of materials," (*id*. ¶ 7) (emphasis added), rather than concisely stating, for example, that "the Parties *will* redact only portions of the materials that contain . . . ."  Likewise, paragraph ten of the order states that "[w]hen any 'Confidential' material is *embodied in any document, or attachment thereto*, which is ultimately filed with this Court, it shall be designated as confidential and shall be maintained under seal," (*id*. ¶ 10) (emphasis added), rather than concisely stating, for example, "[w]hen any Confidential Material is ultimately filed with this Court, it shall be designated as confidential and shall be maintained under seal . . . ."

"Obtaining a protective order in an appropriate case need not be a[n] onerous task.  But such an order may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *2 (S.D. Ind. March 28, 2003).

Of course, the parties may submit a revised protective order consistent with the requirements of Rule 26(c)(7) and Seventh Circuit case law, but what has been submitted thus

far is inadequate. For these reasons, the Court hereby DENIES approval of the proposed revised stipulated protective order submitted by the parties (Docket # 20).

SO ORDERED.

Enter for this 15th day of March, 2006.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge
